IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

ELECTRONICALLY
FILED
03/03/2021
U.S. DISTRICT COURT
Northern District of WV

**RICHARD A. JOHNSON,**

    **Plaintiff,**

v.

3:21-CV-33
CIVIL ACTION NO: _____
JUDGE ____Groh_____

**ARL TRANSPORT, LLC d/b/a ARL, a Delaware**
**Limited Liability Company licensed to do business**
**in the State of West Virginia; and, CARLTON**
**ANTHONY THOMAS, an Individual,**

    **Defendants.**

## CIVIL COMPLANT AND JURY DEMAND

COMES NOW the Plaintiff, RICHARD A. JOHNSON, by counsel, and hereby states as follows for his grounds in the Complaint:

### PARTIES

1. The Plaintiff, Richard A. Johnson, is and was at all times relevant, a resident of Harrisburg, Dauphin County, Pennsylvania.

2. Upon information and belief, the Defendant, ARL Transport, LLC d/b/a ALR is and was at all times relevant, a limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of West Virginia with its branch/principal office located at 336 W. US Highway, Suite 201, Valparaiso, Indiana 46383.

3. Defendant ARL Transport, LLC d/b/a ALR's registered agent in the State of West Virginia is: Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302.

4. Upon information and belief and at all times relevant, the Defendant, Carlton Anthony Thomas, is a resident of Norfolk, Norfolk County, Virginia, and at the time of the collision was an employee of Defendant, ARL Transport, LLC, working within the scope of his employment.

## JURISDICTION AND VENUE

5. That jurisdiction founded on diversity of citizenship and amount. The matter is controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

6. That venue is proper in this Court pursuant to Federal Rules of Civil Procedure, as this case arose in Berkeley County, West Virginia.

## CHOICE OF LAW

7. Plaintiff reincorporates by reference Paragraphs 1 through 6, of this Complaint, as if fully set forth herein.

8. Plaintiff incurred injury in the State of West Virginia.

9. Under the *lex loci delicti* choice-of-law rule, West Virginia law applies.

## BACKGROUND

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, of this Complaint, as if fully set forth herein.

11. On or about the 6th day of March, 2019, the Defendant, Carlton Anthony Thomas, negligently, carelessly, recklessly, and with utter disregard for the safety of the Plaintiff, Richard

A. Johnson, operated a vehicle in such a manner as to breach the laws of the State of West Virginia, and drove a vehicle in such a manner as to strike the side of the vehicle that Plaintiff, Richard A. Johnson was driving, thereby causing injury to him.

12. Upon information and belief, at all times relevant, the Defendant, Carlton Anthony Thomas was the operator/driver and the Defendant, ARL Transport, LLC d/b/a ARL was the owner of a 2011 Freightliner Truck Tractor and Trailer that struck the side of the Tractor Trailer being then and there driven by the Plaintiff, Richard A. Johnson and owned by Herman Transportation.

13. At all times relevant, the Defendant, ARL Transport, LLC d/b/a ALR was the employer of the Defendant, Carlton Anthony Thomas.

14. The Defendant, Carlton Anthony Thomas, at all times relevant, was employed as a truck driver by Defendant, ARL Transport, LLC d/b/a ARL.

15. The Defendant, ARL Transport, LLC d/b/a ARL is responsible for the actions, including the negligence and wrongful actions of Defendant, Carlton Anthony Thomas, based upon the legal doctrine of *Respondeat Superior*.

16. At all times relevant, the Defendant, Carlton Anthony Thomas, was acting within the scope of his employment for Defendant, ARL Transport, LLC d/b/a ARL on the day of the collision, and with express and/or implied permission to drive the vehicle.

17. On or about March 6, 2019, the Plaintiff, Richard A. Johnson's was sitting in his disabled tractor trailer that was parked along the shoulder of Interstate 81 Northbound near the 6 mile marker, when Defendant, Carlton Anthony Thomas, lost control of the truck tractor and

trailer he was operating, leaving the roadway and going to the side on the shoulder, and striking the side of the Plaintiff's vehicle.

18. The collision complained of in this Complaint occurred Northbound on Interstate 81, near Mile Marker 006.20 in Inwood, Berkeley County, West Virginia on or about March 6, 2019.

19. On March 6, 2019, after the aforesaid accident, law enforcement officers determined that the Defendant, Carlton Anthony Thomas, was careless, failed to keep his vehicle in the proper lane, and failed to maintain control of his vehicle, and was issued a warning.

## COUNT I – NEGLIGENCE
### (Defendant Company, ARL Transport, LLC d/b/a ARL)

20. Plaintiff reincorporates by reference Paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. The Defendant, ARL Transport, LLC d/b/a ARL negligently entrusted its vehicle to Carlton Anthony Thomas, whose negligence, incompetence, inexperience, or recklessness was known or should have been known by ARL Transport, LLC d/b/a ARL at the time of the events made subject to the Complaint.

22. The breach of duty and negligence by Defendant, ARL Transport, LLC d/b/a ARL directly and proximately caused damage to the Plaintiff, including, but not limited to: injury to his back, neck and shoulders as well as other physical and psychological damages which may be determined permanent in nature requiring past, present and future medical treatment; along with past and future medical bills; past and future lost wages; physical pain and mental pain; anguish and suffering; and, loss of quality of life, past and future, all of which such damages will continue in the future.

23. The actions of the Defendant, ARL Transport, LLC d/b/a ARL were done negligently and/or with such willful, wanton, and reckless disregard for the Plaintiff.

### COUNT II – NEGLIGENCE
### (Defendant Driver, Carlton Anthony Thomas)

24. Plaintiff reincorporates by reference Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. The Defendant, Carlton Anthony Thomas, failed to follow West Virginia law regarding limitations and restrictions when driving a tractor-trailer truck.

26. The Defendant, Carlton Anthony Thomas, was inattentive while driving a tractor-trailer truck, which inattentiveness violated the laws of the State of West Virginia.

27. The Defendant, Carlton Anthony Thomas, owed a legal duty to the Plaintiff to operate and maintain control of the vehicle in a reasonable and safe manner according to the laws of the State of West Virginia.

28. Defendant, Carlton Anthony Thomas violated duties owed to the Plaintiff, Richard A. Johnson, in the following manner:

   a. Failure to maintain proper control of the vehicle;

   b. Failure to keep a proper lookout;

   c. Failure to exercise proper precaution while driving a vehicle;

   d. Failure to exercise due care to avoid colliding with any vehicle upon any roadway;

   e. By striking the Plaintiff's vehicle and endangering the Plaintiff;

   f. Failure to change lanes to avoid this collision; and,

   g. Any and all other acts or omissions which may hereafter become apparent.

29. Defendant, Carlton Anthony Thomas, breached the duty owed to the Plaintiff, Richard A. Johnson, by operating the vehicle negligently, carelessly, willfully, wantonly, and recklessly, in breach of the applicable standard of care in operating a tractor-trailer truck on Interstate 81 Northbound, on March 6, 2019, and the laws of the State of West Virginia.

30. The breach of duty and negligence by Defendant, Carlton Anthony Thomas directly and proximately caused damage to the Plaintiff, Richard A. Johnson, including, but not limited to: injury to his back, neck and shoulders as well as other physical and psychological damages which may be determined permanent in nature requiring past, present and future medical treatment; along with past and future medical bills; past and future lost wages; physical pain and mental pain; anguish and suffering; and, loss of quality of life, past and future, all of which such damages will continue into the future.

31. The actions of the Defendant, Carlton Anthony Thomas, were done negligently and/or with such willful, wanton, and reckless disregard for the Plaintiff.

### COUNT III - VICARIOUS LIABILITY
**(Defendant Company, ARL Transport, LLC d/b/a ARL for the Acts of its Employees and/or Agents Under the Doctrine of *Respondeat Superior*)**

32. Plaintiff reincorporates by reference Paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. Upon information and belief, at all times relevant hereto, the Defendant, Carlton Anthony Thomas was an employee and/or agent of ARL Transport, LLC d/b/a ARL.

34. Upon information and belief, at all times relevant hereto, the Defendant, Carlton Anthony Thomas, who was truck driver, was acting within the course and scope of his employment and/or agency, and with the authority of ARL Transport, LLC d/b/a ARL.

35. Carlton Anthony Thomas, an employee and/or agent of ARL Transport, LLC d/b/a ARL, owed Plaintiff a duty to use reasonable care in driving the truck tractor and trailer in the employment of ARL Transport, LLC d/b/a ARL.

36. Carlton Anthony Thomas, an employee and/or agent of ARL Transport, LLC d/b/a ARL, negligently, carelessly, and recklessly failed to operate and maintain control of the vehicle in a reasonable and safe manner to prevent the foreseeable danger to the Plaintiff and others.

37. Carlton Anthony Thomas, an employee and/or agent of ARL Transport, LLC d/b/a ARL, was negligent, careless, and reckless in the performance of his duties in operating a truck tractor and trailer as an employee and/or agent for ARL Transport, LLC d/b/a ARL and in causing the aforementioned striking of another tractor trailer and the injuries, damages, and losses to Plaintiff.

38. The above-listed breaches of duty were a direct and proximate cause of the injuries, damages, and losses sustained by Plaintiff including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law.

39. The negligent, careless, and reckless conduct of the employee and/or agent of ARL Transport, LLC d/b/a ARL was a direct and proximate cause of the striking of another tractor trailer, and Plaintiff suffering economic and non-economic injuries, damages, and losses including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law as described above.

40. The acts and/or omissions of the employee and/or agent of ARL Transport, LLC d/b/a ARL at the time of the accident are by law deemed the acts and/or omissions of ARL Transport, LLC d/b/a ARL.

### PRAYER FOR RELIEF

WHEREFORE, based upon the above allegations, the Plaintiff, Richard A. Johnson hereby demands judgment against the Defendants, ARL Transport, LLC d/b/a ARL and Carlton Anthony Thomas, jointly and severally, as follows and as pled within the above Complaint:

a. Compensatory damages in an amount to be determined by a jury;

b. Pain, suffering, inconvenience, annoyance, loss of income, loss of enjoyment of life, and other general damages as permitted by law, all of which should continue into the future, in an amount to be determined by a jury;

c. Pre-judgment interest;

d. Post-judgment interest (if applicable);

e. Attorney's fees and costs incurred in the prosecution of this action; and,

f. All other and further relief deemed just and proper under the law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RICHARD A. JOHNSON,

By Counsel:

*/s/ Troy N. Giatras*

Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, West Virginia 25301
(304) 343-2900
WV State Bar ID No. 5602
E-mail: troy@thewvlawfirm.com